# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

## DOCKETING STATEMENT
*Administrative Agency Review Proceedings (To be completed by appellant/petitioner)*

1. **CASE NO.** 25-1143
2. **DATE DOCKETED:** 6/12/2025
3. **CASE NAME** (lead parties only): Air Alliance Houston v. EPA
4. **TYPE OF CASE:** ☒ Review ☐ Appeal ☐ Enforcement ☐ Complaint ☐ Tax Court
5. **IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?** ☐ Yes ☒ No
   If YES, cite statute _____
6. **CASE INFORMATION:**
   a. Identify agency whose order is to be reviewed: U.S. Environmental Protection Agency
   b. Give agency docket or order number(s): n/a
   c. Give date(s) of order(s): 4/14/2025
   d. Has a request for rehearing or reconsideration been filed at the agency? ☐ Yes ☒ No
      If so, when was it filled? _____ By whom? _____
      Has the agency acted? ☐ Yes ☐ No If so, when? _____
   e. Identify the basis of appellant's/petitioner's claim of standing. See D.C. Cir. Rule 15(c)(2):
      See attachment
   f. Are any other cases involving the same underlying agency order pending in this Court or any other?
      ☐ Yes ☒ No  If YES, identify case name(s), docket number(s), and court(s)
   g. Are any other caess, to counsel's knowledge, pending before the agency, this Court, another Circuit Court, or the Supreme Court which involve *substantially the same issues* as the instant case presents?
      ☒ Yes ☐ No  If YES, give case name(s) and number(s) of these cases and identify court/agency:
      Air Alliance Houston v. Trump, D.D.C. Case No. 1:25-cv-1852
   h. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution? ☐ Yes ☒ No If YES, provide program name and participation dates.

Signature: *Chloe [signature]*   Date: 7/9/2025
Name of Party (Print): Air Alliance Houston, et al.
Name of Counsel for Appellant/Petitioner (Print): Chloe H. Kolman (on behalf of counsel listed on petition)
Address: 1008 Pennsylvania Ave., SE, Washington, D.C. 20003
E-Mail: chloe@donahuegoldberg.com   Phone (202) 372-5270   Fax (___) ___-____

**ATTACH A CERTIFICATE OF SERVICE**

**Note:** If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 7 calendar days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA Form 41
August 2009 (REVISED)

*Air Alliance Houston, et al. v. EPA, et al.*, No. 25-1143

**ATTACHMENT TO PETITIONERS' DOCKETING STATEMENT**

*Item 6(e) – Basis for Standing*

The challenged action identified for exemption from Clean Air Act obligations administered by EPA numerous coal-fired power plants that would otherwise be required to control their emissions of toxic air pollution. Power plants that were included on this list of exempted facilities will now be permitted to emit toxic air pollution at higher levels during the period of exemption than otherwise would have been allowed under a 2024 EPA rule that is currently in place. By identifying these power plants for exemption from the 2024 rule, the challenged action also allows these power plants to forgo use of continuous emissions monitoring during the period of exemption. Power plants that may have already been complying with the strengthened standards of the 2024 rule will now have no legal obligation to do so during the period of exemption.

Petitioners are organizations whose members live, work, and recreate in areas affected by the excess pollution that is and will be emitted from the exempted coal-fired power plants. Exposure to mercury, particulate matter, and arsenic, nickel, and other heavy metals emitted at higher volumes by exempted plants has adverse health effects, which may include cancer, kidney damage, and detrimental effects to the central nervous system. Accordingly, Petitioners' members are harmed by breathing in air pollution from the exempted plants and are reasonably concerned that exposure to pollution from the exempted plants – including by consuming fish contaminated with power plant mercury – could have harmful impacts on their health. Petitioners' members benefit from stronger controls on and better monitoring of power plants in a variety of ways, including through reduced exposure to that dangerous pollution, cleaner air and environment, reduced contamination of fish and game, and a greater ability to enjoy outdoor activities in areas affected by the power plants. Petitioners' members also benefit from the up-to-date information about emissions at power plants that the 2024 rule would require sources to provide through the use of continuous emissions monitoring systems. The interests Petitioners seek to protect by bringing this case are germane to their organizational purposes of working to secure reductions of harmful air pollutants, including from sources covered by the 2024 rule.

Because Petitioners' members directly benefit from the public-health and environmental protections and informational benefits provided by the requirements adopted in the 2024 rule, they are harmed by EPA's identification and

implementation of exemptions that relieve power plants from compliance with those requirements. Granting the requested relief would redress these injuries by requiring EPA to enforce its existing 2024 rule.

DATED: July 14, 2025         Respectfully submitted,

/s/ *Chloe H. Kolman*
Sean H. Donahue
Chloe H. Kolman
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com
chloe@donahuegoldberg.com

Surbhi Sarang
Richard Yates
Tomás Carbonell
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
tcarbonell@edf.org

*Counsel for Petitioner Environmental Defense Fund*

Nicholas Morales
James Pew
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
Tel: (202) 667-4500
nmorales@earthjustice.org
jpew@earthjustice.org

*Counsel for Petitioners Air Alliance Houston, Clean Air Council, Downwinders at Risk, Montana Environmental Information Center, and Sierra Club*

Patton Dycus
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 296-8800
pdycus@environmentalintegrity.org

*Counsel for Petitioner Environmental Integrity Project*

Sarah Buckley (D.C. Cir. Bar No. 56677)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 836-9555
sbuckley@nrdc.org

Katherine Desormeau (D.C. Cir. Bar No. 53097)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, California 94104
(415) 875-6100
kdesormeau@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

Brian H. Lynk (D.C. Bar No. 459525)
Environmental Law & Policy Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioners Environmental Law & Policy Center and Dakota Resource Council*

Shaun A. Goho
Hayden Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us

*Counsel for Petitioner Citizens for Pennsylvania's Future*

Ryan Maher
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(781) 325-6303
rmaher@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Docketing Statement for the District of Columbia Circuit this 14th day of July, 2025, using the CM/ECF System. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Chloe H. Kolman*
Chloe H. Kolman