IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT

_____
                                    )
AIR ALLIANCE HOUSTON, et al.,       )
                                    )
    Petitioners,                    )
                                    )
    v.                              )   Case No. 25-1143
                                    )
UNITED STATES ENVIRONMENTAL         )
PROTECTION AGENCY and LEE           )
ZELDIN, Administrator, U.S.         )
Environmental Protection Agency,    )
                                    )
    Respondents.                    )
_____ )

## STATEMENT OF ISSUES

Pursuant to the Court's June 13, 2025 order, Petitioners in Case No. 25-1143 submit this non-binding, preliminary statement of issues to be raised regarding Respondents' final action entitled "Annex I Stationary Sources List," published on April 14, 2025.

1. Whether EPA has acted arbitrarily, capriciously, contrary to law, or *ultra vires* by adopting and publishing a list of power plants to be exempted from its 2024 air toxics rule, 89 Fed. Reg. 38508 (May 7, 2024) ("2024 Rule"), where "technology to implement such standard" is available and so the listed power plants cannot be exempted from the 2024 Rule under 42 U.S.C. § 7412(i)(4).

2. Whether EPA has acted arbitrarily, capriciously, contrary to law, or *ultra vires* by adopting and publishing a list of power plants to be exempted from its 2024 Rule, where certain requirements of the 2024 Rule rested on authority under 42 U.S.C. § 7414(a)(1)(C), so the listed power plants cannot be exempted from the 2024 Rule under 42 U.S.C. § 7412(i)(4).

3. Whether EPA has acted arbitrarily, capriciously, contrary to law, or *ultra vires* by adopting and publishing a list of power plants to be exempted from its 2024 Rule, where those exemptions extend "more than 2 years" – until July 8, 2029 – and so the listed power plants have not been properly exempted from the 2024 Rule under 42 U.S.C. § 7412(i)(4).

4. Whether EPA has acted arbitrarily, capriciously, contrary to law, or *ultra vires* by adopting and publishing a list of power plants to be exempted from its 2024 Rule, where the President did not make a factual determination as to "any stationary source" that a particular technology is not available for that "stationary source," and so the listed power plants have not been properly exempted from the 2024 Rule under 42 U.S.C. § 7412(i)(4).

5. Whether EPA has acted arbitrarily, capriciously, contrary to law, or *ultra vires* by adopting and publishing a list of power plants to be exempted from its 2024 Rule, where the President did not make a factual determination as to "any stationary source" that an exemption for that "stationary source" is in

the "national security interests of the United States," and so the listed power plants have not been properly exempted from the 2024 Rule under 42 U.S.C. § 7412(i)(4).

6. Whether EPA has acted arbitrarily, capriciously, contrary to law, or *ultra vires* by adopting and publishing a list of power plants to be exempted from its 2024 Rule, where the President has not made and cannot make a factual determination that technology "is not available" and/or that exemption "is in the national security interests of the United States" with respect to the future period "beginning July 8, 2027, and concluding July 8, 2029," and so the listed power plants have not been properly exempted from the 2024 Rule under 42 U.S.C. § 7412(i)(4).

7. Whether EPA violated 42 U.S.C. § 7607(d)(7)(B) by staying the compliance deadlines adopted in its 2024 Rule by more than three months by adopting and publishing the Annex I Stationary Sources List.

8. Whether EPA violated 42 U.S.C. § 7607(d) or 5 U.S.C. § 553 by amending the compliance deadlines adopted in its 2024 Rule without proper procedure, including publication of a notice of a proposed rulemaking, establishment of a public docket, and provision of an opportunity for public hearing and public comment.

DATED:  July 14, 2025

Respectfully submitted,

/s/ *Chloe H. Kolman*
Sean H. Donahue
Chloe H. Kolman
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com
chloe@donahuegoldberg.com

Surbhi Sarang
Richard Yates
Tomás Carbonell
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
tcarbonell@edf.org

*Counsel for Petitioner Environmental Defense Fund*

Nicholas Morales
James Pew
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
Tel: (202) 667-4500
nmorales@earthjustice.org
jpew@earthjustice.org

*Counsel for Petitioners Air Alliance Houston, Clean Air Council, Downwinders at Risk, Montana Environmental Information Center, and Sierra Club*

Patton Dycus
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 296-8800
pdycus@environmentalintegrity.org

*Counsel for Petitioner Environmental Integrity Project*

Sarah Buckley (D.C. Cir. Bar No. 56677)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 836-9555
sbuckley@nrdc.org

Katherine Desormeau (D.C. Cir. Bar No. 53097)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, California 94104
(415) 875-6100
kdesormeau@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

Brian H. Lynk (D.C. Bar No. 459525)
Environmental Law & Policy Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioners Environmental Law & Policy Center and Dakota Resource Council*

Shaun A. Goho

Hayden Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us

*Counsel for Petitioner Citizens for Pennsylvania's Future*

Ryan Maher
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(781) 325-6303
rmaher@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Statement of Issues has been filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit this 14th day of July, 2025, using the CM/ECF System. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

                                        /s/ *Chloe H. Kolman*
                                        Chloe H. Kolman