ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AIR ALLIANCE HOUSTON, ET AL., <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., <br><br> *Respondents*. | Case No. 25-1143 |

**EPA'S MOTION FOR SIX-MONTH ABEYANCE**

Respondents, the United States Environmental Protection Agency and its Administrator, Lee Zeldin, (collectively "EPA") respectfully move this Court for a six-month abeyance while EPA takes action that could moot this case. Petitioners oppose this request and intend to file a response.

In support of its request, EPA states the following:

1. Last year, EPA promulgated a rule under Section 112(d) of the Clean Air Act, 42 U.S.C. § 7412(d), entitled *National Emission Standards for Hazardous Air Pollutants: Coal- and Oil-Fired Electric Utility Steam Generating Units Review of the Residual Risk and Technology Review*, 89 Fed. Reg. 38508 (May 7, 2024) ("MATS Rule"). *See North Dakota v. EPA*, Case No. 24-1119 and consolidated cases (D.C. Cir.) (challenging MATS Rule). The effective date of the

1

MATS Rule was July 8, 2024, and sources were given three years to come into compliance with most requirements. 89 Fed. Reg. at 38519.

2.  In March 2025, EPA announced its intention to reconsider the MATS Rule.[1] Subsequently, EPA proposed to repeal the MATS Rule. 90 Fed. Reg. 25535 (June 17, 2025). The comment period on the proposed repeal closes on August 11, 2025. *Id.*

3.  Meanwhile, Section 112(i)(4) of the Clean Air Act allows the President to "exempt any stationary source from compliance with any standard or limitation under this section for a period of not more than 2 years if the President determines that the technology to implement such standard is not available and that it is in the national security interests of the United States to do so." 42 U.S.C. § 7412(i)(4).

4.  The President, invoking his authority under Section 112(i)(4), issued Presidential Proclamation 10914 on April 8, 2025.[2] The Proclamation stated that certain sources "are exempt from compliance with the [MATS] Rule for a period of 2 years beyond the Rule's compliance date—*i.e.*, for the period beginning July 8,

---

[1] Press Release, EPA, Trump EPA Announces Reconsideration of Air Rules Regulating American Energy, Manufacturing, Chemical Sectors (NESHAPs) (Mar. 12, 2025), *available at* https://perma.cc/6FSB-D4GP.

[2] The White House, "Regulatory Relief for Certain Stationary Sources to Promote American Energy" (Apr. 8, 2025), *available at* https://perma.cc/WV8Q-UN4N.

2

2027." *Supra* n.2. The Proclamation also stated that the exempted sources are listed in "Annex I of this proclamation." *Id.* That annex was posted on EPA's website and shortly after that included in the Federal Register publication of Presidential Proclamation 10914. *See* 90 Fed. Reg. 16777 (Apr. 21, 2025).

5. Petitioners here challenge only Annex I, the list of sources exempted by the President. *See* Petition for Review at 1-2. In parallel, these same Petitioners filed a complaint in the U.S. District Court for the District of Columbia challenging Presidential Proclamation 10914. Compl., *Air All. Houston v. Trump*, No. 1:25-cv-01852 (D.D.C. June 12, 2025), ECF No. 1. EPA is also seeking a six-month abeyance of the district court proceedings.

6. As explained above, EPA announced that it would reconsider, and then recently proposed to repeal, the MATS Rule. EPA currently expects to finalize action on the proposal by the end of this year.[3] If EPA finalizes a repeal of the MATS Rule as proposed, the Proclamation—and the challenged annex to which it refers—would be moot.

7. Courts routinely grant stays or abeyances where a new administration reconsiders a prior agency action, and the outcome of such reconsideration could impact or moot the pending proceeding. *See, e.g.*, Order, *United Steel, Paper &*

---

[3] Mercury and Air Toxics, EPA, *available at* https://perma.cc/EGT4-X6A3 ("EPA intends to finalize action on this proposal by December 2025.").

3

*Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. EPA*, No. 24-1151 (D.C. Cir. Apr. 30, 2025), ECF Nos. 2113775, 2104767 (abating challenges to rulemaking after EPA sought remand to reconsider the rulemaking); Order, *Utah v. EPA*, No. 23-1157 (D.C. Cir. Apr. 14, 2025), ECF Nos. 2111018, 2104881 (same); *see also* Order, *Am. Petrol. Inst. v. EPA*, No. 13-1108 (D.C. Cir. May 18, 2017), ECF Nos. 1675813, 1670157 (abating proceedings while EPA reviewed one of the challenged rules following change of administration) (In this citation sentence, the first ECF number refers to the Court's Order and the second refers to the agency's motion.).

8.   A six-month abeyance would preserve the resources of the parties and this Court. Indeed, "[t]he primary reason for holding a case in abeyance is to promote judicial economy." Order and Statements at 2, *Utah v. EPA*, No. 23-1157 (D.C. Cir. May 2, 2025), ECF No. 2114107 (Rao, J.). Here, the reconsideration of the MATS Rule is proceeding promptly. EPA has already issued a proposed rulemaking and the comment period on the proposal closes in less than one week. Given EPA's proposal to repeal the MATS Rule and EPA's stated goal of finalizing action on that proposal a mere five months from now, *supra* ¶ 6 n.3, it does not make sense to move forward with dispositive motions and merits briefing. *See Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render

4

judicial resolution unnecessary"). The parties would be unlikely to complete merits briefing, let alone obtain a ruling from this Court, by the end of the year, when EPA expects to conclude its rulemaking regarding the MATS Rule.

9. Petitioners will not be prejudiced by a time-limited abeyance or otherwise face "immediate and significant" hardship. *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 389 (D.C. Cir. 2012) (quoting *Devia v. Nuclear Regul. Comm'n*, 492 F.3d 421, 427 (D.C. Cir. 2007)). As here, "when a challenger will not be subject to the regulation while the case is held in abeyance . . . a legitimate interest in judicial economy will likely prevail over any alleged hardship." Order and Statements at 3-4, *Utah v. EPA*, No. 23-1157 (D.C. Cir. May 2, 2025), ECF No. 2114107 (Rao, J.).

10. For these reasons, the Court should place this matter into abeyance for six months, with motions to govern due at the end of that period.

                                              Respectfully submitted,

DATED:    August 5, 2025

                                        ADAM R.F. GUSTAFSON
                                        Acting Assistant Attorney General

                                        ROBERT N. STANDER
                                        Deputy Assistant Attorney General

                                        */s/ Laura J. Brown*
                                        ZOE B. PALENIK
                                        LAURA J. BROWN
                                        U.S. Department of Justice
                                        Environmental Defense Section
                                        P.O. Box 7611

                                                Washington, D.C. 20044
                                                (202) 305-5314
                                                laura.j.s.brown@usdoj.gov

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 997 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED:   August 5, 2025

*/s/Laura J. Brown*
LAURA J. BROWN

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August, 2025, I filed a copy of the foregoing Motion for Six-Month Abeyance with the Clerk of Court using the CM/ECF system, which will cause a copy to be served electronically on all counsel of record registered to use the CM/ECF system.

*/s/ Laura J. Brown*
LAURA J. BROWN