**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| _____ ) | |
| AIR ALLIANCE HOUSTON, et al., ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| v. ) | Case No. 25-1143 |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY and LEE ) | |
| ZELDIN, Administrator, U.S. ) | |
| Environmental Protection Agency, ) | |
| ) | |
| *Respondents*. ) | |
| _____ ) | |

**CONSENT MOTION TO EXTEND ABEYANCE**

On February 24, 2026, the U.S. Environmental Protection Agency ("EPA")
published a final rule ("2026 MATS Repeal Rule") repealing certain emission
standards and requirements for coal- and oil-fired power plants from a prior 2024
rule that were separately exempted from those standards by the action at issue in
this matter, EPA's promulgation of the "Annex I" list of sources subject to
Presidential Proclamations 10914. Pursuant to the Court's October 16, 2025 order,
and after conferring with the parties, Petitioners in the above-captioned matter
move the Court to extend the abeyance of this case until a forthcoming legal
challenge in this Court to the 2026 MATS Repeal Rule is fully resolved, as the

1

resolution of that challenge bears on the claims in this suit. Granting this consent motion will conserve the resources of the Court and the parties and will not cause prejudice to the parties.

Counsel for Petitioners conferred with counsel for Respondents EPA, et al., and counsel for Respondent-Intervenor Talen Montana, LLC, who consent to the relief requested.

## BACKGROUND

In 2012, EPA first promulgated air toxics standards for coal- and oil-fired power plants. 77 Fed. Reg. 9304 (Feb. 16, 2012) ("2012 MATS Rule").

In 2024, EPA promulgated a rule that revised certain 2012 emission standards and requirements for coal- and oil-fired power plants. 89 Fed. Reg. 38508 (May 7, 2024) ("2024 MATS Rule"). The effective date of the 2024 MATS Rule was July 8, 2024, and sources had three years (or until July 2027) to comply with most of its requirements. 2024 MATS Rule, 89 Fed. Reg. at 38519.

EPA announced its intention to reconsider the 2024 MATS Rule in March 2025.[1] Shortly thereafter, EPA proposed to repeal most of the 2024 MATS Rule. 90 Fed. Reg. 25535 (June 17, 2025).

---

[1] EPA, Press Release, *Trump EPA to Reconsider Biden-Harris MATS Regulation That Targeted Coal-Fired Power Plants to be Shut Down* (Mar. 12, 2025), https://www.epa.gov/newsreleases/trump-epa-reconsider-biden-harris-mats-regulation-targeted-coal-fired-power-plants-be.

On April 8, 2025, the President issued Presidential Proclamation 10914 that granted an unspecified list of sources exemptions from compliance with the 2024 MATS Rule "for a period of 2 years beyond the Rule's compliance date—i.e., for the period beginning July 8, 2027, and concluding July 8, 2029." 90 Fed. Reg. 16777 (Apr. 21, 2025) (referring to, but not publishing, an "Annex I" of exempt sources). The list of exempt coal plants, known as Annex I, was not finalized until six days later, on April 14, 2025, when EPA published the list of facilities to be exempted on its website.[2] EPA's Annex I list was then appended to the Exemption Proclamation for publication in the Federal Register a week later. 90 Fed. Reg. at 16,779-84.

On June 12, 2025, Petitioners filed this petition for judicial review of EPA's promulgation of the Annex I list of exempt sources. On August 5, 2025, Respondents moved for a six-month abeyance while EPA worked to complete its reconsideration of the 2024 MATS Rule. ECF No. 2128844. On September 3, 2025, the United States District Court for the District of Columbia issued a minute order granting EPA's request for abeyance in a parallel suit challenging Presidential Proclamations 10941 and 10956 as contrary to the Clean Air Act and in excess of legal authority. *See Air Alliance Houston v. Trump*, 1:25-cv-01852 (abeyance

---

[2] *Available at* https://www.epa.gov/system/files/documents/2025-04/regulatory-relief-for-certain-stationary-annex-1.pdf.

ordered Sept. 3, 2025).[3] On October 16, 2025, this Court granted EPA's motion to hold this case in abeyance pending further order of the court. ECF No. 2140670. Under that order, motions to govern were due by April 15, 2026, or within 30 days of final action by EPA on the proposed repeal of the 2024 MATS Rule. *Id.*

On February 24, 2026, EPA promulgated a rule repealing certain emission standards and requirements of the 2024 MATS Rule which are the subject of the exemptions challenged in this case. 91 Fed. Reg. 9088 (Feb. 24, 2026). The 2026 MATS Repeal Rule included repeal of the filterable particulate matter (fPM) emission standard for existing coal-fired electric utility steam generating units (EGUs), repeal of the requirement to use PM continuous emissions monitoring to demonstrate compliance with the fPM emission standard, and repeal of the mercury emission standard for existing lignite-fired EGUs. *Id.* The 2026 MATS Repeal Rule becomes effective on April 27, 2026. *Id.* The exemptions effectuated by EPA's Annex I remain in effect and have not been repealed.

Certain petitioners will timely file a petition for review in this Court challenging the 2026 MATS Repeal Rule as unlawful and seeking its vacatur. Parties have 60 days from the final rule to file such a challenge. 42 U.S.C. § 7607(b)(1).

---

[3] The plaintiffs in that case have likewise requested, with the consent of all parties, that the District Court continue the abeyance pending resolution of challenges to the 2026 MATS Repeal.

**ARGUMENT**

The parties agree that an extension of the abeyance in this case is appropriate until the forthcoming legal challenge to the MATS 2026 Repeal Rule is fully resolved.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). If the legal challenge to the 2026 MATS Repeal Rule results in vacatur of that rule, the repealed emission standards and requirements of the 2024 MATS Rule would come back into effect, at which point EPA's Annex I list would continue to independently exempt sources from those emission standards and requirements. As the Clean Air Act required that this challenge be filed within 60 days of EPA's action, 42 U.S.C. § 7607(b)(1), continuing to hold this case in abeyance is necessary to preserve Petitioners' ability to pursue their challenge to the Annex I exemptions list in the event the forthcoming legal challenge to the 2026 MATS Repeal Rule is successful.

On the other hand, if the forthcoming challenge is denied and the 2026 MATS Repeal Rule is left in place, Petitioners expect this case can be voluntarily dismissed without the need for further briefing. Neither Respondents nor Respondent-Intervenor will be prejudiced by extending the abeyance because the

Annex I exemptions will remain in place during the abeyance. Continuing the abeyance also avoids the need for further briefing by the parties at present. Thus, extending the abeyance would be in the best interests of fairness and judicial economy, and would not result in any harm or inconvenience to the parties or the Court.

The parties agree that Petitioners' request for abeyance is without prejudice to any party's ability to request that the Court terminate the abeyance and return the case to its active docket before the conclusion of proceedings in the 2026 MATS Repeal Rule litigation.

**CONCLUSION**

For the reasons given above, Petitioners request that the Court extend the abeyance in this case pending the resolution of the forthcoming petition for review of the 2026 MATS Repeal Rule, with a motion to govern further proceedings due 30 days after the D.C. Circuit's issuance of a final decision in that case.

DATED: March 24, 2026 Respectfully submitted,

/s/ *Chloe H. Kolman*
Sean H. Donahue
Chloe H. Kolman
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com
chloe@donahuegoldberg.com

Surbhi Sarang
Richard Yates
Tomás Carbonell
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
tcarbonell@edf.org

*Counsel for Petitioner Environmental
Defense Fund*

Nicholas Morales
James Pew
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
Tel: (202) 667-4500
nmorales@earthjustice.org
jpew@earthjustice.org

*Counsel for Petitioners Air Alliance
Houston, Clean Air Council, Downwinders
at Risk, Montana Environmental
Information Center, and Sierra Club*

Abel Russ
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 296-8800
aruss@environmentalintegrity.org

*Counsel for Petitioner Environmental
Integrity Project*

Sarah Buckley (D.C. Cir. Bar No. 56677)

Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 836-9555
sbuckley@nrdc.org

Katherine Desormeau (D.C. Cir. Bar No. 53097)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, California 94104
(415) 875-6100
kdesormeau@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

Brian H. Lynk (D.C. Bar No. 459525)
Environmental Law & Policy Center
740 15th Street, NW, Suite 700
Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioners Environmental Law & Policy Center and Dakota Resource Council*

Shaun A. Goho
Hayden Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us

*Counsel for Petitioner Citizens for Pennsylvania's Future*

Ryan Maher

Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(781) 325-6303
rmaher@biologicaldiversity.org

*Counsel for Petitioner Center for Biological Diversity*

**CERTIFICATE OF COMPLIANCE**

I hereby certify on this 24th day of March, 2026, that the foregoing Motion complies with the word limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,178 words, excluding parts of the document exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (6) because this document has been prepared in 14-point Time New Roman font, a proportionally spaced typeface, using Microsoft Word.

/s/ *Chloe H. Kolman*
Chloe H. Kolman

**CERTIFICATE OF SERVICE**

I hereby certify on this this 24th day of March, 2026, that the foregoing Motion has been filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit, using the CM/ECF System. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Chloe H. Kolman*
Chloe H. Kolman