**IN THE UNITED STATES COURT OF APPEALS FOR
THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| _____ )  | |
| AIR ALLIANCE HOUSTON, et al., ) | |
| ) | |
| *Petitioners*, ) | |
| ) | |
| v. ) | Case No. 25-1143 |
| ) | |
| UNITED STATES ENVIRONMENTAL ) | |
| PROTECTION AGENCY and LEE ) | |
| ZELDIN, Administrator, U.S. ) | |
| Environmental Protection Agency, ) | |
| ) | |
| *Respondents*. ) | |
| _____ ) | |

**CONSENT MOTION TO GOVERN FURTHER PROCEEDINGS**

On February 24, 2026, the U.S. Environmental Protection Agency ("EPA") published a final rule ("2026 MATS Repeal Rule") repealing certain emission standards and requirements for coal- and oil-fired power plants from a prior 2024 rule. Those standards were separately exempted by the action at issue in this matter. Because the resolution of litigation over the 2026 MATS Repeal Rule will likely bear on the claims in this suit, Petitioners move this Court, with the consent of all parties, to hold this case in abeyance pending the outcome of that litigation.

The background surrounding EPA's air toxics standards for coal- and oil-fired power plants is laid out in greater detail in Petitioners' last motion for

1

abeyance. *See* ECF 2165171. In pertinent part, such standards were first promulgated in 2012, 77 Fed. Reg. 9304 (Feb. 16, 2012), and revised in 2024, 89 Fed. Reg. 38508 (May 7, 2024) ("2024 MATS Rule"). The 2024 MATS Rule gave sources three years, until July 2027, to comply with most of its requirements. 89 Fed. Reg. at 38519. However, on April 8, 2025, the President issued Presidential Proclamation 10914 that granted an unspecified list of sources exemptions from compliance with the 2024 MATS Rule "for the period beginning July 8, 2027, and concluding July 8, 2029." 90 Fed. Reg. 16777 (Apr. 21, 2025). The list of exempt coal plants, Annex I, was published on EPA's website six days later[1] and subsequently appended to the Exemption Proclamation for publication in the Federal Register. 90 Fed. Reg. at 16,779-84.

On June 12, 2025, Petitioners filed this petition for judicial review of EPA's promulgation of the Annex I list of exempt sources. This case was subsequently held in abeyance to allow EPA to complete a new rulemaking concerning the MATS standards. ECF 2140670. That rulemaking was finalized in February of this year and repeals certain emission standards and requirements of the 2024 MATS Rule which are the subject of the exemptions challenged in this case. 91 Fed. Reg. 9088 (Feb. 24, 2026). Certain of the petitioners in this case have also filed a

---

[1] *Available at* https://www.epa.gov/system/files/documents/2025-04/regulatory-relief-for-certain-stationary-annex-1.pdf.

2

petition for judicial review of that rulemaking, which challenge is pending before this court in *Air Alliance Houston, et al. v. EPA*, D.C. Cir. No. 26-1070 and consolidated cases (filed Mar. 30, 2026).

The Court's April 1, 2026, order extending the abeyance pending further order of the Court directed the parties to file motions to govern further proceedings in this matter by May 15, 2026. ECF 2166612. The parties have now conferred and all parties consent to Petitioners' request that the Court extend the abeyance until the pending legal challenge to the MATS 2026 Repeal Rule is fully resolved. However that challenge is resolved, its resolution will bear on the proper path forward in this matter. If the 2026 MATS Repeal Rule is vacated – and the full scope of the 2024 MATS Rule is returned to the books – then the parties to this case will need to resolve their dispute about the independent exemptions from the 2024 MATS Rule at issue here. If, on the other hand, the 2026 MATS Repeal Rule is upheld, Petitioners expect this case can be voluntarily dismissed without the need for further briefing.

In the interim, continued abeyance of the above-captioned case will avoid needless expenditure of party or court resources. As all parties to the case consent to this motion – and as this motion is without prejudice to any party's ability to request that the Court terminate the abeyance should circumstances warrant – no party will be prejudiced by abeyance.

For the reasons given above, Petitioners request that the Court extend the abeyance in this case pending the resolution of D.C. Circuit Case No. 26-1070, with a motion to govern further proceedings due 30 days after the D.C. Circuit's issuance of a final decision in that case.

DATED:  May 15, 2026

Respectfully submitted,

/s/ *Chloe H. Kolman*
Sean H. Donahue
Chloe H. Kolman
Donahue, Goldberg & Herzog
1008 Pennsylvania Ave., SE
Washington, DC 20003
Tel: (202) 277-7085
sean@donahuegoldberg.com
chloe@donahuegoldberg.com

Surbhi Sarang
Richard Yates
Tomás Carbonell
Environmental Defense Fund
2060 Broadway St., Ste. 300
Boulder, Colorado 80302
Tel: (303) 440-4901
ssarang@edf.org
ryates@edf.org
tcarbonell@edf.org

*Counsel for Petitioner Environmental Defense Fund*

Nicholas Morales
James Pew
Earthjustice
1250 I Street NW, Fourth Floor
Washington, DC 20005

Tel: (202) 667-4500
nmorales@earthjustice.org
jpew@earthjustice.org

*Counsel for Petitioners Air Alliance
Houston, Clean Air Council, Downwinders
at Risk, Montana Environmental
Information Center, and Sierra Club*

Abel Russ
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 296-8800
aruss@environmentalintegrity.org

*Counsel for Petitioner Environmental
Integrity Project*

Sarah Buckley (D.C. Cir. Bar No. 56677)
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington, DC 20005
(202) 836-9555
sbuckley@nrdc.org

Katherine Desormeau (D.C. Cir. Bar No.
53097)
Natural Resources Defense Council
111 Sutter Street, 21st Floor
San Francisco, California 94104
(415) 875-6100
kdesormeau@nrdc.org

*Counsel for Petitioner Natural Resources
Defense Council*

Brian H. Lynk (D.C. Bar No. 459525)
Environmental Law & Policy Center
740 15th Street, NW, Suite 700

5

Washington, DC 20005
(240) 461-4241
blynk@elpc.org

*Counsel for Petitioners Environmental Law
& Policy Center and Dakota Resource
Council*

Shaun A. Goho
Hayden Hashimoto
Clean Air Task Force
114 State Street, 6th Floor
Boston, MA 02109
617-624-0234
sgoho@catf.us

*Counsel for Petitioner Citizens for
Pennsylvania's Future*

Ryan Maher
Center for Biological Diversity
1411 K Street, NW, Suite 1300
Washington, DC 20005
(781) 325-6303
rmaher@biologicaldiversity.org

*Counsel for Petitioner Center for Biological
Diversity*

## CERTIFICATE OF COMPLIANCE

I hereby certify on this 15th day of May, 2026, that the foregoing Motion complies with the word limits of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 639 words, excluding parts of the document exempted by Federal Rule of Appellate Procedure 32(f). I further certify that this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) & (6) because this document has been prepared in 14-point Time New Roman font, a proportionally spaced typeface, using Microsoft Word.

/s/ *Chloe H. Kolman*
Chloe H. Kolman

## CERTIFICATE OF SERVICE

I hereby certify on this this 15th day of May, 2026, that the foregoing Motion has been filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit, using the CM/ECF System. The participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Chloe H. Kolman*
Chloe H. Kolman